**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The Spriggs Group, P.C., Respondent,

v.

Gene R. Slivka, Appellant.

Appellate Case No. 2011-204366

———————————

Appeal From Colleton County
William H. Seals, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-497
Heard January 10, 2013 – Filed February 6, 2013

———————————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————————

Robert T. Lyles, Jr., of Lyles & Lyles, LLC, of Charleston, for Appellant.

A. Bright Ariail and James Atkinson Bruorton, IV, both of Rosen Rosen & Hagood, LLC, of Charleston, for Respondent.

———————————

**LOCKEMY, J.:** In this action for foreclosure of a mechanic's lien and breach of contract, Gene Slivka argues the circuit court erred in (1) submitting a question involving the interpretation of section 29-5-10(a) of the South Carolina Code

(2007) to the jury; (2) failing to direct a verdict; and (3) awarding The Spriggs Group, P.C. (Spriggs) attorney's fees, costs, and interest. We affirm in part, reverse in part, and remand.

## FACTS/PROCEDURAL BACKGROUND

This case arises from a dispute between Slivka and Spriggs regarding Spriggs' provision of architectural services for Slivka's home. Spriggs designed all of the buildings on Slivka's Colleton County plantation (the property), including the main house, two detached garages with apartments, potting shed, conservatory, stable, and grotto. Pursuant to a November 17, 2006 written proposal (the Agreement), Spriggs was to receive a fixed fee of $161,500 for its architectural and engineering design services, and hourly fees for any additional services. The fixed fee was subsequently reduced to $152,402. Slivka paid half of the fee at the start of the design process and agreed to pay the remainder upon completion of the project.

According to Slivka, he terminated Spriggs on December 12, 2008. Slivka contends he picked up the remaining drawings from Spriggs' office and told Spriggs he did not want any more drawings. Spriggs, however, continued to perform its services under the Agreement. According to Ken Spriggs, principal of Spriggs, he was unaware Slivka had allegedly terminated Spriggs. In February 2009, Spriggs submitted four invoices totaling $198,834.53 to Slivka for payment in accordance with the terms of the Agreement. Slivka admitted he owed Spriggs $76,201, the balance of the Agreement price, but disputed the additional charges and refused to pay Spriggs. Spriggs provided services to Slivka pursuant to the Agreement through May 2009.

As a result of Slivka's failure to pay Spriggs in accordance with the terms of the Agreement, Spriggs filed a mechanic's lien against the property on April 13, 2009. Slivka continued to refuse to pay Spriggs and posted a $265,112.71 cash bond to remove the lien from the property. Thereafter, on July 8, 2009, Spriggs commenced a foreclosure action on the lien. In an amended complaint filed in May 2010, Spriggs asserted claims for foreclosure of mechanic's lien, breach of contract, breach of contract accompanied by a fraudulent act, quantum meruit, and failure to comply with section 27-1-15 of the South Carolina Code (2007). Slivka counterclaimed for slander of title, violation of the Frivolous Claims Sanctions Act, tortious interference with contractual relationships with third parties dependent upon performance by Spriggs, and tortious interference with contractual relationships with third parties resulting from defective notice of mechanic's lien.

On June 30, 2011, Slivka offered to settle the case for $100,000, but Spriggs did not accept the offer. Prior to trial, Spriggs filed a motion to strike Slivka's affirmative defenses and counterclaims. Thereafter, Slivka filed a motion for summary judgment as to all of Spriggs' causes of action. Spriggs countered with its own motion for summary judgment. At the motions hearing, Slivka agreed to withdraw certain counterclaims, and the circuit court denied both motions for summary judgment.

The parties proceeded to trial on all of Spriggs' causes of action and on Slivka's counterclaims for slander of title, tortious interference with contractual relationships with third parties dependent upon performance by Spriggs, and tortious interference with contractual relationships with third parties resulting from defective notice of mechanic's lien. At trial, Spriggs asserted the additional charges in its invoices were a result of Slivka's demands and changes, and they were billed pursuant to the Agreement. Slivka maintained the additional charges were not contemplated when the Agreement was made and Spriggs had a duty to advise him before performing and charging for additional work.

At the conclusion of Spriggs' case, the circuit court denied Slivka's directed verdict motions as to Spriggs' causes of action for foreclosure of mechanic's lien, breach of contract, and failure to comply with section 27-1-15. The circuit court also denied Spriggs' motion for a directed verdict as to the section 27-1-15 claim. Spriggs withdrew its claims for breach of contract accompanied by a fraudulent act and quantum meruit. Following Slivka's case, the circuit court denied Spriggs' motion for a directed verdict as to Slivka's slander of title claim. Slivka also renewed his directed verdict motions as to Spriggs' causes of action for foreclosure of mechanic's lien and failure to comply with section 27-1-15. The circuit court ruled both causes of action would be submitted to the jury.

Spriggs' foreclosure of mechanic's lien, breach of contract, and failure to comply with section 27-1-15 claims were submitted to the jury, along with Slivka's slander of title claim.[1] Following deliberations, the jury returned a verdict in favor of Spriggs on all three of its causes of action and on Slivka's slander of title cause of action. The jury awarded Spriggs $173,990.53 in actual damages. Slivka made a post-trial motion seeking a judgment notwithstanding the verdict (JNOV) and/or a new trial on Spriggs' foreclosure of mechanic's lien and failure to comply with

---

[1] Slivka withdrew both of his tortious interference with contractual relationships claims.

section 27-1-15 claims.[2]  The circuit court denied Slivka's JNOV motion and his subsequent Rule 59(e), SCRCP, motion to alter or amend.  Spriggs made a post-trial motion seeking attorney's fees, costs, and interest.  The circuit court granted the motion and awarded Spriggs $235,030.31 in attorney's fees and costs and $37,413.92 in prejudgment interest. Thereafter, the circuit court denied Slivka's Rule 59(e) motion to alter or amend.  This appeal followed.

**LAW/ANALYSIS**

**I.        Statutory Interpretation**

Slivka argues the circuit court erred in submitting the question of whether the services provided by Spriggs in January 2009 fell within the definition of "labor" contained in section 29-5-10(a) of the South Carolina Code (2007) to the jury.  We agree but find no reversible error.

Pursuant to section 29-5-90 of the South Carolina Code (2007), a mechanic's lien

> shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on or furnish labor or materials for such building or structure, serves upon the owner . . . a statement of a just and true account of the amount due him, with all just credits given, together with a description of the property intended to be covered by the lien. . . .

Section 29-5-10(a) states:

> [L]abor performed or furnished in the erection, alteration, or repair of any building or structure upon any real estate includes the preparation of plans, specifications, and design drawings and the work of making the real estate suitable as a site for the building or structure. The work is considered to include, but not be limited to, the grading, bulldozing, leveling, excavating, and filling of land (including the furnishing of fill soil), the grading and paving of curbs and sidewalks and all asphalt paving, the construction of ditches and other drainage facilities, and

---

[2] Slivka did not appeal the jury's verdict on Spriggs' breach of contract claim.

the laying of pipes and conduits for water, gas, electric, sewage, and drainage purposes, and the disposal of any construction and demolition debris, as defined in Section 44-96-40(6), including final disposal by a construction and demolition landfill. Any private security guard services provided by any person at the site of the building or structure during its erection, alteration, or repair is considered to be labor performed or furnished within the meaning of this section. . . .

For its lien to be timely, Spriggs must have performed labor, within the definition contained in section 29-5-10(a), on or after January 13, 2009. According to Andy Bozeman, a Spriggs employee, Spriggs addressed a plumbing subcontractor's request to substitute the size of plumbing lines used on the project on January 13, 2009. Bozeman also communicated with a mechanical engineer and answered questions regarding the plumbing line substitution.

At trial, Slivka argued that while the timeliness of the lien was a question of fact for the jury to decide, whether the construction administration services performed by Spriggs on January 13, 2009, fell within the statutory definition of labor was a question of statutory interpretation for the court. In response, Spriggs argued the question before the jury was one of timeliness, and the services it provided on January 13, 2009, were clearly within the definition of labor. The circuit court decided,

as to the mechanic's lien itself, I'm just going to submit it to the jury. I'm going to read them the statute. I'm going to give them the charge . . . . It's kind of long and redundant but y'all can argue whether that is service that falls within the mechanic's lien statute. And of course you can argue the timeliness and all of that kind of stuff.

Slivka contends the question of whether Spriggs' work fell within the purview of the mechanic's lien statute was erroneously submitted to the jury. Spriggs maintains the jury was properly instructed to determine whether its lien was valid and timely. Spriggs also notes the circuit court ruled post-trial it was "implausible that construction administration services would be excluded from the description of labor performed or furnished in the erection, alteration, or repair of any building."

We find the circuit court erred in submitting the question of whether Spriggs' work fell within the purview of the mechanic's lien statute to the jury. *See Catawba Indian Tribe of S.C. v. State*, 372 S.C. 519, 524, 642 S.E.2d 751, 753 (2007) (holding the issue of interpretation of a statute is a question of law for the court). However, this error was harmless because, as discussed below, we find the construction administration services proved by Spriggs fell within the definition of labor contained in 29-5-10(a).

## II.    Timeliness of the Lien

Slivka argues the circuit court erred in denying his motion for directed verdict because Spriggs' lien was not timely. We disagree.

"When reviewing the denial of a motion for directed verdict or JNOV, this Court must employ the same standard as the [circuit] court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party." *Welch v. Epstein*, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct. App. 2000). "The [circuit] court must deny the motions when the evidence yields more than one inference or its inference is in doubt." *Id.* at 300, 536 S.E.2d at 418. "This Court will reverse the [circuit] court only when there is no evidence to support the ruling below." *Id.* "When considering directed verdict and JNOV motions, neither the [circuit] court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence." *Id.* at 300, 536 S.E.2d at 419.

First, Slivka contends the work performed by Spriggs on January 13, 2009, does not fall within the definition of labor contained in section 29-5-10(a) because none of Spriggs' work involved "the preparation of plans, specifications, and design drawings." Slivka maintains none of the work performed by Bozeman occurred on site, and the work only amounted to construction administration services. Slivka argues the circuit court erred in relying on *Williamson v. Hotel Melrose*, 110 S.C. 1, 96 S.E. 407 (1918), in finding construction administration services are a type of labor for which a mechanic's lien may be filed under the mechanic's lien statute. In *Williamson*, our supreme court determined an architect who furnished plans and specifications and "superintended" the construction of a project had performed labor within the meaning of the mechanic's lien statute. 110 S.C. at 1, 96 S.E. at 411. At the time, the mechanic's lien statute did not include the definition of labor contained in the current statute. The statute at the time afforded a lien to "any person to whom a debt is due for labor performed or furnished." *Id.*

Slivka maintains *Williamson* is not applicable because the current version of the mechanic's lien statute, section 29-5-10(a), contains specific activities determined by the legislature to be "labor" and does not include construction administration services. Slivka argues the legislature could have included off-site construction administration services of a design professional in its definition of labor but it chose not to. Furthermore, Slivka maintains Spriggs was not on-site directing the work on the property like the architect in *Williamson*. Ken Spriggs testified he was not directing any work or supervising the construction.

We find the construction administration services provided by Spriggs are labor pursuant to the definition of labor in section 29-5-10(a). While the statute provides labor "includes the preparation of plans, specifications, and design drawings," it also states labor includes "the work of making the real estate suitable as a site for the building or structure." Here, Spriggs' discussions with the plumber and engineer in January 2009 were part of its architectural services overseeing the proper construction of the property.

Slivka also contends the circuit court erred in finding work performed by Spriggs in May 2009 supported the timeliness of the lien filed on April 13, 2009. At trial, Bozeman testified he provided design sketches for an appraisal of the property in May 2009. Slivka argues this work could not support the timeliness of Spriggs' lien because it was allegedly performed after the lien was filed. We find the circuit court did not err because the court's order does not explicitly say, as alleged by Slivka, that the May 2009 services were performed within ninety days of April 13, 2009. While the circuit court order mentions the May 2009 services, it notes these services were performed after the lien was filed. The court also specifically notes the lien was filed within ninety days of January 13, 2009. Accordingly, we affirm the circuit court's denial of Slivka's motion for a directed verdict on Spriggs' mechanic's lien claim.

## III.    Attorney's Fees, Costs, and Interest

"A party cannot recover attorney's fees unless authorized by contract or statute." *Cullen v. McNeal*, 390 S.C. 470, 491, 702 S.E.2d 378, 389 (Ct. App. 2010). Here, sections 27-1-5 and 29-5-10 of the South Carolina Code (2007) both authorize an award of attorney's fees to Spriggs. Pursuant to section 27-1-15,

> [w]henever a contractor, laborer, design professional, or materials supplier has expended labor, services, or materials under contract for the improvement of real

property, and where due and just demand has been made by certified or registered mail for payment for the labor, services, or materials under the terms of any regulation, undertaking, or statute, it is the duty of the person upon whom the claim is made to make a reasonable and fair investigation of the merits of the claim and to pay it, or whatever portion of it is determined as valid, within forty-five days from the date of mailing the demand. If the person fails to make a fair investigation or otherwise unreasonably refuses to pay the claim or proper portion, he is liable for reasonable attorney's fees and interest at the judgment rate from the date of the demand.

Additionally, pursuant to section 29-5-10(a), "[t]he costs which may arise in enforcing or defending against the lien. . . , including a reasonable attorney's fee, may be recovered by the prevailing party." "The fee must be determined by the court in which the action is brought but the fee and court costs may not exceed the amount of the lien." *Id.*

The following six factors should be considered when determining reasonable attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." *Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997). "The decision to award or deny attorneys' fees under a state statute will not be disturbed on appeal absent an abuse of discretion." *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009). "An abuse of discretion occurs when the conclusions of the [circuit] court are either controlled by an error of law or are based on unsupported factual conclusions." *Id.* "Similarly, the specific amount of attorneys' fees awarded pursuant to a statute authorizing reasonable attorneys' fees is left to the discretion of the trial judge and will not be disturbed absent an abuse of discretion." *Id.*

## A.    Section 27-1-15

Slivka argues the circuit court erred in denying his motion for a directed verdict on Spriggs' failure to comply with the section 27-1-15 claim. We disagree.

Slivka contends Spriggs failed to present any evidence Slivka did not perform a fair and reasonable investigation because at the time Spriggs made its demand

under the statute the parties were involved in litigation initiated by Spriggs.  We find whether a fair and reasonable investigation of Spriggs' claim has been made and whether a valid portion of the claim was paid in a timely manner are questions of fact for the jury.  *See Hardaway Concrete Co., Inc. v. Hall Contracting Corp.*, 374 S.C. 216, 229, 647 S.E.2d 488, 495 (Ct. App. 2007) (holding whether a party made a fair and reasonable investigation of the merits of a claim is a question of fact).

Additionally, Slivka argues at the time the demand was made it was impossible to determine the "valid" amount due because of the parties' pending claims against each other for damages.  Finally, Slivka maintains his failure to make a payment at the time of the demand was not unreasonable because he had already paid the court a cash bond exceeding the amount of Spriggs' claim.  Slivka fails to cite any legal precedent to support these arguments.  Accordingly, we find these arguments are abandoned on appeal.  *See Bennett v. Investors Title Ins. Co.*, 370 S.C. 578, 599, 635 S.E.2d 649, 660 (Ct. App. 2006) (noting when an appellant fails to cite any supporting authority for his position and makes conclusory arguments, the appellant abandons the issue on appeal).

## B.      Amount of Attorney's Fees and Costs

Slivka argues the circuit court erred in awarding Spriggs $235,030.31 in attorney's fees and costs.  We agree.

The circuit court determined Spriggs was entitled to $235,030.31 in attorney's fees and costs pursuant to sections 29-5-10 and 27-1-15.  The court further found the fees and costs awarded were reasonable based upon the six criteria established by the supreme court.  The circuit court noted, "[Spriggs] was required to expend considerably more time and effort on this case due to specific actions of [Slivka] who created unnecessary delays, filed meritless motions, and forced [Spriggs] to incur additional attorney's fees and costs above and beyond what would otherwise have been incurred."

First, Slivka argues Spriggs was not entitled to recover $28,619.25 in staff member fees as part of its attorney's fees award.  We find the circuit court did not abuse its discretion in including staff member fees in its award of attorney's fees.  We note Slivka fails to cite any legal precedent to support this argument.  Additionally, this court has upheld attorney's fees awards which included paralegal fees.  *See McElveen v. McElveen*, 332 S.C. 583, 602, 506 S.E.2d 1, 11 (Ct. App. 1998);

*Charleston Lumber Co. v. Miller Housing Corp.*, 318 S.C. 471, 484, 458 S.E.2d 431, 439 (Ct. App. 1995).

Next, Slivka contends Spriggs' total recovery is limited to the amount of the cash bond he posted with the clerk of court. Slivka argues that pursuant to section 29-5-110 of the South Carolina Code (2007), the total payment to Spriggs is limited to $266,012.71, the amount of the cash bond he paid to the clerk of court. Therefore, Slivka maintains because Spriggs' verdict was $173,990.53, any award of attorney's fees under the mechanic's lien statute is limited to a maximum of $92,022.18. We disagree. Section 29-5-110 relates to the amount of the judgment and makes no mention of attorney's fees. Attorney's fees are specifically addressed in section 29-5-10, which provides that the costs and fees incurred in enforcing or defending against the lien may be recoverable by the prevailing party up to the amount of the lien. *See* § 29-5-10(a).

Finally, Slivka argues the attorney's fees awarded by the circuit court are not reasonable and the circuit court order fails to specify which fees were awarded pursuant to which statute. Although the amount of attorney's fees awarded in this case, compared to the jury award, may not shock the conscience of this court, the needle is definitely moving on the seismograph. The circuit court order is unclear as to which fees were awarded under which statutory authority. We note the court's award exceeds the amount permitted under the mechanic's lien statute. Further, although theoretically possible, it is improbable an attorney's fee of almost $250,000 would be awarded for a net recovery of approximately $75,000 above the $100,000 settlement offered by Slivka under section 27-1-15. The circuit court may have combined the two statutes to reach the figure, although the legality of that procedure is not addressed in this decision. Moreover, the trial court surely did not award fees for the two causes of action it dismissed or for the breach of contract claim. Thus, because we find the circuit court's order is unclear, we reverse the court's award of $235,030.31 in attorney's fees to Spriggs and remand the issue of attorney's fees to the circuit court for reconsideration. We order the circuit court to clearly identify the statutory authority for its award and the fees incurred under each statute.

## C. Prejudgment Interest

Slivka argues the circuit court's award of $37,413.92 in prejudgment interest to Spriggs was not supported by statute. We disagree.

The law permits the award of prejudgment interest when a monetary obligation is a sum certain, or is capable of being reduced to certainty, accruing from the time payment may be demanded either by the agreement of the parties or the operation of law. *Butler Contr., Inc. v. Court St., LLC*, 369 S.C. 121, 133, 631 S.E.2d 252, 258 (2006). Generally, prejudgment interest may not be recovered on an unliquidated claim in the absence of agreement or statute. *Id.* The fact that the amount due is disputed does not render the claim unliquidated for purposes of awarding prejudgment interest. *Id.* Rather, the proper test is "whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose." *Id.* "The award of prejudgment interest will not be disturbed on appeal unless the [circuit] court committed an abuse of discretion." *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 435, 673 S.E.2d 448, 457-58 (2009).

We find the circuit court did not err in awarding Spriggs prejudgment interest. We note the court's award of prejudgment interest was not limited to Spriggs' cause of action for failure to comply with section 27-1-15. The court also awarded interest on Spriggs' breach of contract claim, which was not appealed and is the law of the case. Accordingly, we affirm the circuit court's award of prejudgment interest.

**CONCLUSION**

We find the construction administration services provided by Spriggs fell within the definition of labor contained in section 29-5-10(a). Additionally, we affirm the circuit court's award of prejudgment interest and denial of Slivka's directed verdict motions as to Spriggs' section 27-1-15 and mechanic's lien claims. We reverse the circuit court's award of attorney's fees and remand for reconsideration.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**SHORT and KONDUROS, JJ., concur.**